1   ERIN M. CONNELL (State Bar No. 223355)
    econnell@orrick.com
2   KATHRYN MANTOAN (State Bar No. 239649)
    kmantoan@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
4   405 Howard Street
    San Francisco, CA  94105-2669
5   Telephone:   +1 415 773 5700
    Facsimile:   +1 415 773 5759
6
    Attorneys for Defendant
7   RBC CAPITAL MARKETS, LLC

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12
    CELESTE DAVIS,                          Case No.
13
                    Plaintiff,              **DEFENDANT'S NOTICE OF**
14                                          **REMOVAL OF CIVIL ACTION TO**
          v.                                **FEDERAL COURT PURSUANT TO**
15                                          **28 U.S.C. §§ 1332, 1441(B), AND 1446**
    RBC CAPITAL MARKETS, LLC and DOES
16  1-10,

17                  Defendants.

18

19

20

21

22

23

24

25

26

27

28

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF CELESTE DAVIS, AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant RBC Capital Markets, LLC ("Defendant"), contemporaneously with the filing of this Notice, hereby effects removal of the below referenced action from the Superior Court in the State of California for the County of San Francisco, to the United States District Court for the Northern District of California.

The removal is based on diversity jurisdiction pursuant to 28 U.S.C. sections 1332, 1441(b) and 1446, and the removal is proper for the reasons set forth below.

<u>**PROCEEDINGS TO DATE**</u>

1.      On September 27, 2016, a civil action was commenced in the Superior Court of California for the County of San Francisco entitled *Celeste Davis, Plaintiff vs. RBC Capital Markets, and Does 1 to 10, Defendants*, No. CGC-16-55454 (the "Complaint"). In compliance with 28 U.S.C. section 1446(a), attached as **Exhibit A** to this notice are true and correct copies of the state-court papers served herein, including the Summons and Complaint. The allegations of the Complaint are incorporated by reference in this Notice of Removal without necessarily admitting any of them. On October 28, 2016, Defendant filed its answer to the Complaint. A true and correct copy of Defendant's Answer to the Complaint is attached as **Exhibit B.**

2.      The Complaint purports to assert four claims against Defendant stemming from Plaintiff's employments with RBC Capital Markets, LLC. Specifically, the Complaint alleges causes of action for: (1) discrimination in violation of California Government Code section 12940(a); (2) retaliation in violation of California Government Code section 12940(h); (3) failure to take all reasonable steps to prevent discrimination from occurring in violation of California Government Code section 12940(k); and (4) violation of California Fair Pay Act, California Labor Code section 1197.5, *et seq.*

3.      The Complaint names "RBC Capital Markets" as the defendant. Plaintiff subsequently served an Amendment to Complaint pursuant to California Code of Civil Procedure

- 1 -

1   section 473(a)(1) to correct the name of the defendant to "RBC Capital Markets, LLC."  This

2   Amendment was filed on October 19, 2016 and signed by Judge Harold Kahn.  A true and correct

3   copy of the Amendment is attached hereto as **Exhibit C**.

4       4.    Defendant is informed and believes, and on that basis alleges, that there have been

5   no other named defendants in this case and that no other defendant, whether named or not, has

6   been served with or otherwise received the Complaint in the Action.

7                   **TIMELINESS OF REMOVAL**

8       5.    On September 30, 2016, Defendant's agent for the service of process was served

9   with the Complaint in this matter.  A true and correct copy of the Proof of Service is attached

10  hereto as **Exhibit D.**  This notice of removal is timely filed within thirty days of service pursuant

11  to 28 U.S.C. section 1446(b).  *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526

12  U.S. 344, 354 (1999) (thirty-day period for removal runs from date that service is completed as

13  required by state law).

14               **JURISDICTION AND GROUNDS FOR REMOVAL**

15      6.    This Court has original jurisdiction over this action pursuant to 28 U.S.C.

16  section 1332(a).  That section confers jurisdiction on federal district courts in all cases "where the

17  matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

18  between . . . citizens of different States."  28 U.S.C. §1332(a)(1).

19                     **Diversity of Citizenship**

20      7.    For diversity purposes, a person is a "citizen" of the state in which he or she is

21  domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

22  Residence is *prima facie* evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19

23  F.3d 514, 520 (10th Cir. 1994).  Plaintiff is a resident of the state of California.  *See*

24  Declaration of Alison Schultz, filed herewith ("Schultz Decl.") ¶ 4; *see also* Ex. A, Compl. ¶

25  1 (noting Plaintiff worked for Defendant in San Francisco, California).  Defendant therefore

26  alleges that Plaintiff is a citizen of California.

27      8.    For diversity purposes, a limited liability company has the citizenship of its

28  

– 2 –

1    members. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 586 n.1 (2004)

2    ("Although the Court has never ruled on the issue, Courts of Appeals have held the citizenship of

3    each member of an LLC counts for diversity purposes.") (citing *GMAC Commer. Credit LLC v.*

4    *Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *Cosgrove v. Bartolotta*, 150 F.3d

5    729, 731 (7th Cir. 1998)); *Handelsman v. Bedford Village Assocs. Ltd. Pshp.*, 213 F.3d 48, 52 (2d

6    Cir. 2000) (citing *Cosgrove*, 150 F.3d at 731); *Es-Tee Realty Co., LLC v. Soumekhian*, 323 Fed.

7    Appx. 3, 3-4 (2d Cir. 2008); *see also* 15-102 Moore's Federal Practice – Civil § 102.57. This rule

8    concerning LLCs follows the general rule for the citizenship of associations: namely, that the

9    association has the citizenship of its members unless Congress specifically provides otherwise, as

10   it did for corporations in 28 U.S.C. § 1332(c)(1). *See Johnson v. Columbia Properties*

11   *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold

12   that, like a partnership, an LLC is a citizen of every state of which its owners/members are

13   citizens."); *Cosgrove*, 150 F.3d at 731.

14          9.     Defendant is only a citizen of New York and Delaware. Declaration of Kathleen

15   Mangual, filed herewith ("Mangual Decl.") Ex. A. Defendant's members are (1) RBC USA

16   Holdco Corporation, a 99% common shareholder, which is a Delaware corporation with its

17   principal place of business in New York; (2) RB CM Member Corporation, a 1% common

18   shareholder, which is a Delaware corporation with its principal place of business in New York;

19   and (3) RB CM Pref Holdco Corporation, a non-voting preferred shareholder, which is a

20   Delaware corporation with its principal place of business in New York. *See id.* Plaintiff and

21   Defendant are thus citizens of different States, and complete diversity of citizenship exists.

22                        **Amount in Controversy Exceeds $75,000**

23          10.    The amount in controversy alleged by Plaintiff in this action exceeds $75,000.

24   The Complaint seeks a money judgment but does not demand any specific sum. Removal is

25   proper in such a circumstance "if the district court finds, by the preponderance of the evidence,

26   that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(B). Defendant denies

27   Plaintiff's claims in their entirety, but provides the following analysis of potential damages,

28                                           - 3 -

1   without admitting liability, based on the allegations in Plaintiff's Complaint to demonstrate that

2   Plaintiff has put a sufficient amount in controversy to warrant removal.

3         11.    When the amount in controversy is not readily apparent from a complaint, "the

4   court may consider facts in the removal petition" to determine the potential damages at issue.

5   *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut.*

6   *Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  A defendant must provide "a plausible allegation

7   that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*

8   *Operating Co, LLC. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Ibarra v. Manheim Invs., Inc.*,

9   775 F.3d 1193, 1197-98 (9th Cir. 2015) ("[A] defendant can establish the amount in controversy

10  by an unchallenged, plausible assertion of the amount in controversy in its notice of removal.").

11  Defendant's amount in controversy allegation should be accepted when not contested by the

12  plaintiff or questioned by the Court.  *See Dart*, 135 S. Ct. at 553.

13        12.    Plaintiff seeks to recover past and future lost earnings and other employment

14  benefits. See Ex. A, Compl. ¶¶ 20, 25, 30, 36; *id.*, Prayer for Relief, ¶¶ 1, 2.  As a public finance

15  investment banker and Managing Director at Defendant's San Francisco, California location,

16  Plaintiff's base salary in her last full year of work was $300,000.  *See* Schultz Decl. ¶ 3.  Since

17  Plaintiff alleges her last day of work was February 4, 2016 (*see* Ex. A, Compl. ¶ 13), Plaintiff's

18  claim for lost wages already exceeds the $75,000 threshold.  Based on Plaintiff's allegations, this

19  amount will continue to increase as the case progresses.  *See* Ex. A, Compl., ¶¶ 20, 25, 30, 36

20  ("Plaintiff has suffered and continues to suffer substantial losses in wages and employment

21  benefits").

22        13.    Although these potential damages alone satisfy the $75,000 amount in controversy

23  requirement, Plaintiff's complaint also seeks to recover additional damages and amounts.

24  Plaintiff seeks recovery of emotional distress damages, alleging that she "has suffered significant

25  emotional distress."  Ex. A, Compl., ¶¶ 20, 25, 30, 36; *id.*, Prayer for Relief, ¶¶ 1, 2.  These

26  claimed emotional distress damages further indicate that the $75,000 threshold is satisfied.  *See*

27  *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (district court found

28  - 4 -

1   emotional distress damages potentially substantial even though plaintiff alleged an uncertain

2   amount); *Rodriguez v. Home Depot, U.S.A., Inc.*, 2016 WL 3902838, at *5 (N.D.C.A. July 19,

3   2016) (comparing verdicts in cases with analogous claims to determine emotional distress

4   damages could meet jurisdictional threshold).

5         14.     Punitive damages are included in calculating the amount in controversy if they are

6   recoverable as a matter of law. *Rodriguez*, 2016 WL 3902838 at *5. Punitive damages are

7   potentially recoverable under the California Fair Employment and Housing Act ("FEHA"),

8   pursuant to which Plaintiff's first three claims are brought. *See Vasquez v. Arvato Digital Servs.*,

9   No. CV 11-02836 RSWL, 2011 WL 2560261 at *4 (C.D. Cal. June 27, 2011) ("Punitive damages

10   are available under FEHA … and therefore the Court may consider punitive damages when

11   determining the amount in controversy"). Here, Plaintiff seeks punitive damages. *See* Ex. A,

12   Compl., Prayer for Relief, ¶ 4. Plaintiff's claim for punitive damages provides further support for

13   removal.

14         15.     Attorneys' fees are considered when determining the amount in controversy if

15   recoverable by statute or contract. *Rodriguez*, 2016 WL 3902838 at *6; *see also Galt G/S v. JSS*

16   *Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The measure of attorneys' fees "should be

17   the amount that can reasonably be anticipated at the time of removal, not merely those already

18   incurred." *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002). Here,

19   Plaintiff seeks recovery of attorneys' fees. *See* Ex. A, Compl., Prayer for Relief, ¶ 5. By the date

20   of trial, Plaintiff's claimed attorney's fees could well exceed $75,000. Accordingly, Plaintiff's

21   claimed attorney's fees further indicate that the amount in controversy exceeds the $75,000

22   jurisdictional threshold.

23         16.     Considering all of the types of relief Plaintiff seeks, the amount in controversy in

24   this matter exceeds the $75,000 jurisdictional threshold. Therefore, a sufficient amount in

25   controversy exists to support the exercise of diversity jurisdiction. *See White v. FCI USA, Inc.*,

26   319 F.3d 672, 675 (5th Cir. 2003) (finding it facially apparent that amount in controversy on

27   plaintiff's wrongful termination claim exceeded $75,000 based on her "lengthy list of

28

1    compensatory and punitive damages" including lost pay and benefits, impaired earning capacity,

2    and emotional distress, as well as claim for attorney's fees).

3          17.    Defendant reserves the right to amend or supplement this Notice of Removal or to

4    present additional arguments in support of its entitlement to removal.

5          18.    No admission of fact or liability is intended by this Notice of Removal, and all

6    defenses, affirmative defenses, and motions are hereby reserved.

7                                    **VENUE**

8          19.    This action was originally brought in the Superior Court of the State of California,

9    County of San Francisco and venue thus lies in Northern District of this Court, pursuant to 28

10   U.S.C. sections 1441, 1446(a), and 84(a).

11              **NOTICE OF REMOVAL TO PLAINTIFF AND STATE COURT**

12         20.    Defendant will provide written notice of the filing of this Notice of Removal to

13   Plaintiff and will file a copy of the Notice of Removal with the Clerk of the Superior Court of the

14   State of California in and for the County of San Francisco, pursuant to 28 U.S.C. section 1446(d).

15         WHEREFORE, Defendant prays that this civil action be removed from the Superior Court

16   of the State of California, County of San Francisco to the United States District Court for the

17   Northern District of California.

18

19   Dated: October 28, 2016                     ORRICK, HERRINGTON & SUTCLIFFE LLP

20

21                                       By:  _____*/s/ Erin Connell*_____

22                                              ERIN M. CONNELL
                                             Attorneys for Defendant
23                                          RBC CAPITAL MARKETS, LLC

24

25

26

27

28                                       – 6 –

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332, 1441(B), AND 1446

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** RBC CAPITAL MARKETS, and DOES 1-10
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** CELESTE DAVIS
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Francisco<br>400 McAllister Street<br>San Francisco, California 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC - 16 . 554544 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Kathryn Burkett Dickson
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DICKSON GEESMAN LLP
1999 Harrison Street, Suite 2000, OAKLAND, CA 94612                       510-899-4670

| DATE:<br>*(Fecha)* | SEP 2 7 2016 | DEPUTY CLERK | Clerk, by<br>*(Secretario)* | BOWMAN LIU | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   RBC Capital Markets

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):*  CORP § 17061(b) (limited liability company)
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |
|---|---|---|






**Superior Court of California, County of San Francisco**
### Alternative Dispute Resolution
### Program Information Package

> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?
"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet)
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
415-551-3869

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management. Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:**  BASF charges an administrative fee of $295 per party.  The hourly mediator fee beyond the first three hours will vary depending on the mediator selected.  Waivers of the administrative fee are available to those who qualify.  For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org  or see the enclosed brochure.

(B) JUDICIAL MEDIATION provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

**Operation:** Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program.  A preference for a specific judge may be indicated.  The court will coordinate assignment of cases for the program.  There is no charge for the Judicial Mediation program.

(C) PRIVATE MEDIATION:  Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties.  Parties may find mediators and organizations on the Internet.  The cost of private mediation will vary depending on the mediator selected.

## 3)  ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony.  The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

(A) JUDICIAL ARBITRATION:  When the court orders a case to arbitration it is called "judicial arbitration".  The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:**  Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration.  (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.)  An arbitrator is chosen from the court's arbitration panel.  Arbitrations are generally held between 7 and 9 months after a complaint has been filed.  Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision.  Any party may request a trial within 60 days after the arbitrator's award has been filed.  Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

(B) PRIVATE ARBITRATION:  Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration.  Here, the parties voluntarily consent to arbitration.  If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision.  In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT.  YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS.  THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.



# Superior Court of California
## County of San Francisco



HON. JOHN K. STEWART
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Michael I. Begert
The Honorable Suzanne R. Bolanos
The Honorable Angela Bradstreet
The Honorable Andrew Y.S. Cheng
The Honorable Samuel K. Feng
The Honorable Charles F. Haines

The Honorable Harold E. Kahn
The Honorable Curtis E.A. Karnow
The Honorable Charlene P. Kiesselbach
The Honorable James Robertson, II
The Honorable Richard B. Ulmer, Jr.
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed, every effort will be made to fulfill the parties' choice. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3869

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: <br> ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: <br> DEPARTMENT 610 |
|---|---|

1) The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐ Other ADR process (describe) _____

2) The parties agree that the ADR Process shall be completed by (date): _____

3) Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____


| | |
|---|---|
| _____ <br> Name of Party Stipulating | _____ <br> Name of Party Stipulating |
| _____ <br> Name of Party or Attorney Executing Stipulation | _____ <br> Name of Party or Attorney Executing Stipulation |
| _____ <br> Signature of Party or Attorney | _____ <br> Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** *(Amount demanded exceeds $25,000)*   ☐ **LIMITED CASE** *(Amount demanded is $25,000 or less)* | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:          Time:          Dept.:          Div.:          Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. Description of case
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
   a. ☐   The trial has been set for *(date):*
   b. ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. ☐   days *(specify number):*
   b. ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:
   a.   Attorney:
   b.   Firm:
   c.   Address:
   d.   Telephone number:           f.   Fax number:
   e.   E-mail address:             g.   Party represented:
   ☐   Additional representation is described in Attachment 8.

9.   **Preference**
   ☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
   a.   ADR information package: Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
      (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
      (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
   b.   Referral to judicial arbitration or civil action mediation (if available).
      (1) ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
      (2) ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
      (3) ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:



# Superior Court of California
# County of San Francisco

**Expedited Jury Trial Information Sheet**

### What is an expedited jury trial?

An expedited jury trial is a trial that is much faster and has a smaller jury than a traditional jury trial. An expedited jury trial differs from a regular jury trial in several ways:

- **The trial will be shorter.** Each side has 3 hours to make opening statements, present witnesses and evidence, and make closing statements.

- **The jury will be smaller.** There will be 8 jurors instead of 12.

- **Choosing the jury will be faster.** The parties will exercise fewer preemptory challenges.

- **Parties will waive some post trial motions and rights to appeal.** Appeals are allowed only if there is: (1) Misconduct of the judicial officer that materially affected substantial rights of a party; (2) Jury misconduct; or (3) Corruption or fraud or some other bad act that prevented a fair trial.

  In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds.

### Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

### Is the decision of the jury binding on the parties?

Generally, yes. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. However, parties who take part in expedited jury trials are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also impose a cap, or maximum, on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are commonly known as "high/low agreements."

### How do I qualify for an expedited jury trial?

The process can be used in any civil case. To have an expedited jury trial, both sides must want one. Each side must agree that it will use only three hours to put on its case and agree to the other rules described above. This agreement must be put in writing in a Stipulation and submitted along with a Proposed Consent Order Granting an Expedited Jury Trial, which is given to the court for approval. The court will usually agree to the Consent Order.

### How do I request an expedited jury trial?

To have an expedited jury trial, both sides must submit a Stipulation and Proposed Consent Order for Expedited Jury Trial to the court for approval. This may happen at three stages of litigation:

1) **At Filing and Prior to Setting of a Trial Date:** Parties may submit a Stipulation to Expedited Jury Trial to Dept. 610 using the attached short form (see below). Parties must

*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT-010-INFO, New January 1, 2011

also submit a Proposed Consent Order for Expedited Jury Trial to Dept. 610.

2) **After a Trial Date has been Set:** Parties submit a Stipulation and Proposed Consent Order for Expedited Jury Trial directly to Dept. 206 at least *30 days* prior to the assigned trial date.

3) **After Trial Assignment:** A Proposed Consent Order for Expedited Jury Trial may be submitted immediately to the assigned trial department not less than *30 days* prior to the assigned trial date.

Also, after a case is assigned to a particular judge for trial, the parties may ask the trial judge to have an Expedited Jury Trial, and the judge may permit the parties to then sign the appropriate Stipulation and Proposed Consent Order for Expedited Jury Trial.

**Can I change my mind after agreeing to an expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in an expedited jury trial the agreement is binding on both sides.

----------------------------------------------------------------

**Expedited Jury Trial Request**
*Please submit a copy of this request to Dept. 610.*

Case No. _____

Case Name: _____     v. _____

The parties would like this action to be submitted to an Expedited Jury Trial.

The parties shall submit a consent order to the Court on or by _____.

| | | |
|---|---|---|
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |

Please note: a [Proposed] Consent Order for Expedited Jury Trial is still required in addition to this stipulation form.

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.12 and in rules 3.1545–3.1552 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *www.leginfo.ca.gov/calaw.html*. The rules are at *www.courts.ca.gov/rules*.

*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT-010-INFO, New January 1, 2011*

CASE NUMBER: CGC-16-554544  CELESTE DAVIS VS. RBC CAPITAL MARKETS ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:    MAR-01-2017

TIME:    10:30AM

PLACE:    Department 610
             400 McAllister Street
             San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.



# Early Settlement Program

Consider The Bar Association of San Francisco

## FAST

Do you have a case filed in San Francisco Superior Court and want to settle sooner than your trial date?

## ECONOMICAL

Want a settlement option with less stress and cost than trial?

Want the skills of experienced panelists arriving at a realistic, satisfying settlement?

Learn more about the Early Settlement Program in the CRC6 or visit www.sfbar.org/ad/esp

## The Early Settlement Program:

▷ Helps you resolve cases quickly and economically

▷ Has been a trusted program for over 20 years

▷ Boasts a 78% settlement rate and 97% satisfaction rate

## Early Settlement provides:

▷ Panels of experienced trial attorneys (all with at least 10 years of experience)

▷ Three free hours of settlement conference time per case, including one hour of preparation time

▷ Panelists who are matched with the case's type of law

▷ Low administrative fee of $295/party, capped at $590, for parties represented by the same counsel

## What is ESP?

The Bar Association of San Francisco's **Early Settlement Program** (ESP) is available as one of San Francisco Superior Court's Alternative Dispute Resolution (ADR) programs (Local Rule 4.3).

ESP is a **highly successful** ADR program that handles cases in areas of law such as business, personal injury, employment, labor, civil rights, discrimination, insurance, malpractice, landlord/tenant, and many others.

ESP is a **unique** in that the panelists, in helping you move toward settlement, can provide you confidential feedback about their evaluation of your case, including opinions as to potential case value.

For more information as well as the complete Policies & Procedures, go to:
**www.sfbar.org/esp**

## Who are the Panelists?

They are experienced attorneys with at least **10 years** of trial experience. Panels consist of one plaintiff and one defense attorney. Sometimes an attorney who is experienced in both types of representation serves as a solo panelist.

## Costs

There is a $295 administrative fee per party, capped at $590 for multiple parties represented by the same attorney, to pay for the cost of running this program. If you have a fee waiver with the Superior Court, your fee will be waived by the ESP program.

## Contact

▶ email: esp@sfbar.org

▶ phone: 415-982-1600

▶ fax: 415-989-0311

## Steps:

The forms you need can be found at **www.sfbar.org/esp**, or email adr@sfbar.org or call 415-782-8905 for a packet to be sent to you.

❶ Please complete the ESP Agreement and return it to BASF via email at adr@sfbar.org or by fax to 415-989-0381. You don't have to get the other parties to sign, just send yours.

❷ When all parties have signed the ESP Agreement, you will be sent the Notice of ESP, along with an invoice.

❸ There is a $295 administrative fee per party, with a cap of $590 for multiple parties represented by the same attorney. You can pay by check, money order or credit card.

❹ Send your administrative fee by fax, email or mail to: BASF / ESP, 301 Battery Street, Third Floor, San Francisco, California 94111.

❺ When BASF receives the fees from all parties, your matter will be assigned to a panelist (or panel of 2), who you will work with to set the date, time and location for your conference.

❻ If you must reschedule your ESP conference date, work with the other side and your panelist(s) to set the new date. BASF does not need to be notified.

❼ Before your conference, provide a copy of your description of the dispute to all parties and panelists. BASF does not need a copy.

❽ If the matter is settled in your ESP conference, congratulations!

❾ If the matter is not settled in your ESP conference, your initial court date remains the same.



5 YEARS IN A ROW
2010 2011 2012 2013 2014
FOR OUTSTANDING ADR SERVICES
Voted into the Hall of Fame in The Recorder's "Best of" Poll

# MEDIATION SERVICES



THE BAR ASSOCIATION OF
SAN FRANCISCO

## TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

*George Yuhas, Esq.*
*Orrick, Herrington & Sutcliffe LLP*

"We had an excellent experience and, after 8½ hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

*Robert Charles Friese, Esq.*
*Shartsis Friese LLP*

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

*Leslie Caplan*
*Global Warming Campaign Manager*
*Bluewater Network*

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

*Mark Abelson, Esq.*
*Campagnoli, Abelson & Campagnoli*

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

*Denise A. Leadbetter, Esq.*
*Zacks, Utrecht & Leadbetter*



PROCEDURES, PODCASTS,
FORMS, MEDIATOR BIOGRAPHIES
AND PHOTOGRAPHS.
www.sfbar.org/mediation

adr@sfbar.org or
415-982-1600

## Experienced mediators are available in the following areas

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Family Certified Specialists
Fee Disputes
Financial
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
LGBT Issues
Malpractice: Legal/Medical/Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
And more...

## QUALITY • EXPERIENCE • TRUST

### WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

### WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

### HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website at www.sfbar.org/mediation provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is always available to assist you with selection or to answer questions.

### HOW MUCH DOES THE SERVICE COST?

A $295 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

### HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

### WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

### HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

### WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

### OUR CASE IS FILED IN COURT. HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

### WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

### WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

### MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600

1  KATHRYN BURKETT DICKSON, State Bar No. 70636
   EMILY A. NUGENT, State Bar No. 255048
2  DICKSON GEESMAN LLP
   1999 Harrison Street, Suite 2000
3  Oakland, CA 94612
   Tel.: (510) 899-4670
4  Fax: (510) 899-4671
   E-Mail: kathy@dicksongeesman.com
5  E-Mail: emily@dicksongeesman.com

6  Attorneys for Plaintiff CELESTE DAVIS

7

8
                          SUPERIOR COURT
9
                     COUNTY OF SAN FRANCISCO
10

11  CELESTE DAVIS                    )
                                     )   Civ. No. C G C - 1 6 . 5 5 4 5 4 4
12       Plaintiff,                  )
                                     )
13       v.                          )   **COMPLAINT FOR DAMAGES**
                                     )
14  RBC CAPITAL MARKETS, and DOES 1-10, )   **JURY TRIAL DEMANDED**
                                     )
15       Defendants.                 )
                                     )
16                                   )

17

18                      __INTRODUCTION__

19       1.    Celeste Davis, a sixty-year old African-American female, is an accomplished

20  public finance investment banker, with over thirty years of experience. She was employed by

21  RBC Capital Markets (RBCCM), a subsidiary of Royal Bank of Canada, in its San Francisco

22  office until her termination on February 4, 2016. Ms. Davis was the only African-American

23  female Managing Director employed by RBCCM, and one of the very few remaining female or

24  minority Managing Directors with the firm by the time of her termination. In this action, Ms.

25  Davis alleges that RBCCM violated the California Fair Employment and Housing Act in

26  numerous respects, including discriminating against Ms. Davis based on her gender, race, and

27  age. The discrimination included failing to pay Ms. Davis equal wages as those paid to

28  comparable or less well-qualified male Managing Directors performing substantially similar

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

SEP 2 7 2016

CLERK OF THE COURT
BY: _____BOWMAN LIU_____
                        Deputy Clerk

FAXED

COPY

1   work under similar working conditions; failing to grant her the same managerial authority as

2   that given to Caucasian male Managing Directors; treating her with disrespect based on her

3   gender and race; and terminating her while retaining less well-qualified, lower performing,

4   younger, Caucasian male Managing Directors. Following her termination, all of her hard

5   earned client relationships and coverage responsibilities were handed over to a younger

6   Caucasian male with less experience and qualifications, and a lack of demonstrated banking

7   success in the industry. As a result, RBCCM has experienced a documented decline in senior

8   managed appointments from large clients in California. This Complaint also alleges that

9   RBCCM retaliated against Ms. Davis, including terminating her after she had raised concerns

10   about these issues with RBCCM human resources personnel. Ms. Davis seeks past lost wages

11   and benefits; reinstatement or lost front pay and benefits in lieu thereof; emotional distress

12   damages; punitive damages; declaratory and/or injunctive relief; and her attorneys' fees and

13   costs.

14   **PARTIES AND JURISDICTION**

15   2.      Plaintiff is a former employee of RBC Capital Markets. She worked for RBCCM

16   in San Francisco County, California.

17   3.      Plaintiff is informed and believes, and alleges that Defendant RBCCM is a

18   company doing business in San Francisco County, California, and at relevant times has had an

19   office in San Francisco County at which Plaintiff was employed.

20   4.      Plaintiff is further informed and believes, and alleges that each defendant

21   identified as Does 1 – 10, was at all relevant times, the agent, employee, or joint venture of the

22   remaining defendants and was acting within the course and scope of that relationship. The true

23   names and capacities of the defendants named as Does 1 – 10, whether individual, corporate,

24   associate or otherwise, are unknown to Plaintiff, who therefore sues such defendants by fictitious

25   names pursuant to California Code of Civil Procedure section 474. Plaintiff will amend this

26   Complaint to show such true names and capacities of Does 1 – 10 when they have been

27   determined.

28

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.     On July 20, 2016, Ms. Davis filed a timely charge of discrimination with the California Department of Fair Employment and Housing (DFEH). On July 20, 2016, the DFEH issued a notice of Right to Sue, authorizing Ms. Davis to bring a civil action based on the allegations included in the charge of discrimination. The charge of discrimination and notice of right to sue were served on defendant RBCCM by certified mail, return receipt requested, on July 20, 2016. This case is being filed within one year of that date.

6.     The parties entered into tolling agreements, which suspended the passage of time regarding statutory and common law statutes of limitations, that went into effect on May 20, 2016 and remains in effect through October 6, 2016.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.     Celeste Davis is a sixty-year old, African-American, female public finance investment banker. She has over thirty years of successful experience in the field and is well-known and highly regarded by important RBCCM clients such as the Treasurer's Office of the State of California, the California Department of Water Resources, Southern California Metropolitan Water District, as well as other major public entities on the West Coast. She led an RBCCM team that brought in billions of dollars in public finance bond deals and tens of millions of dollars in revenue for RBCCM over her tenure with the firm. Prior to Ms. Davis's coverage of these accounts, RBCCM had never done senior managed business for accounts of this size and stature. Ms. Davis opened up these types of accounts for RBCCM on the West Coast. RBCCM was then able to use this success to gain traction with other large accounts on the East Coast and elsewhere.

8.     Ms. Davis worked for RBCCM from July 2007 until February 4, 2016, when RBCCM terminated her. She was the only female African-American managing director, and there have been notably few women or minorities of any sort in these positions – and their numbers have been dwindling rather than increasing. RBCCM has engaged in a pattern and practice of discrimination based on gender and race during Ms. Davis's tenure.

9.     Based on information and belief, Ms. Davis alleges that RBCCM paid her less

3

1 than similarly situated white males who performed substantially similar work under similar

2 working conditions and whose performance was inferior or, at best, only comparable to hers

3 during her tenure and up to the time of her termination in February 2016. RBCCM Municipal

4 Finance compensation decisions are within the exclusive domain of a few of the top white,

5 male managers. Based on information and belief, within the RBC Capital Markets Municipal

6 Finance department, the department in which Ms. Davis was employed, the management team

7 of 30 is currently virtually all Caucasian males, with only one female and no minorities. When

8 Ms. Davis was hired at RBCCM in 2007, there were seven female Managing Directors in

9 Municipal Finance. With Ms. Davis's termination, RBCCM Municipal Finance now employs

10 only two female Managing Directors.

11  10. There are currently two male African-American Managing Directors remaining at

12 RBCCM in the Municipal Finance department and no female African-American Managing

13 Directors.

14  11. RBCCM's actions are directly contrary to its stated diversity policy commitment:

15 **Talent & Workplace:** To increase the diversity and inclusion of our workforce globally, with

16 a focus on increasing representation of women and minorities in senior management. Instead,

17 RBCCM's senior management is distinctly white and male and has become increasingly more

18 so over time.

19  12. Ms. Davis also alleges that RBCCM managers, particularly Chris Hamel,

20 RBCCM's Head of Municipal Finance, and Bob Spangler, Managing Director of RBCCM

21 West, retaliated against her when she complained internally regarding discriminatory behavior

22 she encountered, as well as the compensation disparities she raised. Such conduct included, for

23 example, disrespectful and belittling communications by managers; managers preventing Ms.

24 Davis's meaningful participation in performance reviews and setting compensation of her

25 subordinates; deliberate attempts to undermine her with her professional colleagues; and

26 terminating her.

27  13. RBCCM terminated Ms. Davis from her position as Managing Director on

28 February 4, 2016, despite her exceptional performance, which includes having brought in

1   senior managed public finance deals totaling over fourteen billion dollars and producing tens of

2   millions in revenue to the company. She consistently outperformed many of her white male

3   comparators.  Her 360-degree performance reviews have been universally excellent, including

4   acknowledgment of her leadership, knowledge, experience, skill, support for her team and

5   others, client relationships, revenue generation, and focus. At the time of her termination, Ms.

6   Davis had brought in clients in addition to her established base of clients, including major

7   public entities in the water sector, an area of increasing importance in infrastructure

8   development in California. Based on any objective criteria, RBCCM cannot justify selecting

9   Ms. Davis for termination, rather than a number of her white, male, and in some instances

10  younger counterparts, whose performance was inferior to hers on any number of metrics.

11      14.     For example, based on information and belief, a review of activity for major

12  public finance deals (over $100 million) for just the year 2015 by RBCCM's managing

13  directors, discloses that Ms. Davis led RBCCM senior managed deals totaling $1,722,300,000.

14  By contrast, Greg Dawley, a younger, white, male Managing Director (who was given Ms.

15  Davis's accounts when she was fired) produced no RBCCM senior managed deals whatsoever.

16  Mr. Dawley was also given managerial responsibility for the West Coast following Ms. Davis's

17  termination despite his lack of accomplishments. Another white male comparator similarly

18  failed to produce major deals in this category, instead producing revenue through a series of

19  financially unsuitable, risky, complex and potentially politically explosive "swaps" for a

20  relatively small California city. Ms. Davis had warned her manager of the danger of continuing

21  those deals after the financial fiasco involving those types of transactions that occurred with the

22  City of Oakland. Another male Managing Director who was retained, while Ms. Davis was

23  terminated, had lost substantial sums of money for RBCCM with a loan currently in default,

24  rather than generating millions of dollars of revenue as Ms. Davis had over many years.

25      15.     Ms. Davis also alleges that her termination was motivated in substantial part by

26  her internal complaints, including one which was pending at the time of her termination. She

27  raised on several occasions with RBCCM human and employee resources personnel (Margarita

28  Ramos, Linda Burstein, and Shareen Luze) her concerns about gender-based pay inequities,

1    about the abusive conduct in which her managers had engaged, her managers' failure to

2    provide her any managerial responsibility for performance reviews or significant input for

3    compensation decisions for her subordinates, and about the termination of a female member of

4    her coverage team. The company said it would conduct an investigation and Ms. Davis was

5    eventually interviewed at length by an outside male attorney. After her interview, she heard

6    nothing more about the investigation and believed at the time of her termination, the

7    investigation was still ongoing.

8        16.    RBCCM's termination of Ms. Davis, particularly at her age, has ended her

9    decades-long career as an investment banker. She has suffered and will continue to suffer very

10   significant financial losses in terms of wages and benefits and substantial emotional distress.

## FIRST CAUSE OF ACTION

12                (Discrimination in violation of Gov't Code § 12940(a))

13       17.    Plaintiff incorporates the allegations of paragraphs 1 through 16 in this cause of

14   action.

15       18.    At all relevant times, California's Fair Employment and Housing Act, California

16   Government Code section 12940 *et. seq.*, was in effect and binding on RBCCM. Plaintiff was a

17   member of groups protected by that statute, in particular section 12940(a), prohibiting

18   discrimination in employment based on sex, race, and age.

19       19.    RBCCM's actions set forth above constitute discrimination based on sex, race,

20   and age, all of which violate Government Code section 12940(a).

21       20.    As a direct, foreseeable, and proximate result of RBCCM's unlawful actions,

22   Plaintiff has suffered and continues to suffer substantial losses in wages and employment

23   benefits, and has suffered significant emotional distress.

24       21.    Defendant's actions were willful, malicious, fraudulent, and oppressive, and were

25   committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's

26   rights.

27       WHEREFORE, Plaintiff seeks relief as set forth below.

28

6

## SECOND CAUSE OF ACTION

(Retaliation in violation of Government Code section 12940(h))

22.   Plaintiff incorporates the allegations of paragraphs 1 through 16 in this cause of action.

23.   At all relevant times, California's Fair Employment and Housing Act, California Government Code section 12940 *et. seq.*, was in effect and binding on RBCCM. Plaintiff was a member of groups protected by that statute, in particular section 12940(h), prohibiting retaliation for opposing practices forbidden under the FEHA.

24.   The denial of equal wages to Plaintiff as compared with comparable or less well-qualified white male Managing Directors; precluding Plaintiff from exercising managerial responsibilities over her subordinates; treating Plaintiff with disrespect and in a demeaning manner; taking action to engender hostility toward Plaintiff by her colleagues; and, terminating Plaintiff constitute acts of retaliation against Plaintiff because she opposed RBCCM's discrimination, and violate Government Code section 12940(h).

25.   As a direct, foreseeable, and proximate result of RBCCM's unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in wages and employment benefits, and has suffered significant emotional distress.

26.   Defendant's actions were willful, malicious, fraudulent, and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

WHEREFORE, Plaintiff seeks relief as set forth below.

## THIRD CAUSE OF ACTION

(Failure to take all reasonable steps to prevent discrimination from occurring in violation of Government Code §12940(k))

27.   Plaintiff incorporates the allegations of paragraphs 1 through 16 in this cause of action.

28.   At all relevant times, California's Fair Employment and Housing Act, California Government Code section 12940 *et. seq.*, was in effect and binding on RBCCM. Plaintiff was a

7

1   member of groups protected by that statute, in particular section 12940(k), prohibiting

2   employers from failing to take all reasonable steps to prevent discrimination from occurring.

3       29.    The above actions demonstrate that RBCCM failed to take all reasonable steps to

4   prevent discrimination and retaliation from occurring, in violation of section 12940(k).

5       30.    As a direct, foreseeable, and proximate result of RBCCM's unlawful actions,

6   Plaintiff has suffered and continues to suffer substantial losses in wages and employment

7   benefits, and has suffered significant emotional distress.

8       31.    Defendant's actions were willful, malicious, fraudulent, and oppressive, and were

9   committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's

10   rights.

11       WHEREFORE, Plaintiff seeks relief as set forth below.

12   **FOURTH CAUSE OF ACTION**

13   (Violation of California Fair Pay Act, Cal. Labor Code §1197.5, *et seq.*)

14       32.    Plaintiff incorporates the allegations of paragraphs 1 through 16 in this cause of

15   action.

16       33.    RBCCM has discriminated against Plaintiff in violation of the California Fair Pay

17   Act, California Labor Code section 1197.5, *et seq.* by subjecting her to unequal pay based on

18   her sex.

19       34.    RBCCM has discriminated against Plaintiff by treating her differently from and

20   less favorably than similarly-situated male employees who performed substantially similar

21   work under similar working conditions. RBCCM also discriminated against Plaintiff by

22   subjecting her to lower pay and benefits, and other financial loss.

23       35.    RBCCM also retaliated against Plaintiff, including by terminating her, because of

24   her protected activity in raising issues about unfair compensation practices. RBCCM's

25   retaliatory actions therefore violate California Labor Code section 1197.5(j).

26       36.    As a direct, foreseeable, and proximate result of RBCCM's unlawful actions,

27   Plaintiff has suffered and continues to suffer substantial losses in wages and employment

28   benefits, and has suffered significant emotional distress.

8

37.     Defendant's actions were willful, malicious, fraudulent, and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

WHEREFORE, Plaintiff seeks relief as set forth below.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.     For compensatory damages for wage and benefit loss, and emotional distress, according to proof as allowed by law;

2.     For reinstatement, or front pay and benefit loss in lieu of reinstatement;

3.     For liquidated damages under Labor Code 1197.5(b);

4.     For punitive damages, according to proof and as allowed by law;

5.     For an award to Plaintiff of costs of suit and her reasonable attorneys' fees;

6.     For an award of prejudgment and post-judgment interest;

7.     For a declaratory judgment and/or injunction declaring that RBCCM has violated the FEHA and the California Equal Pay Act, and forbidding such violations in the future;

8.     For an award to Plaintiff of such other and further relief as the Court deems just and proper.

DATED:  September 27, 2016                          DICKSON GEESMAN LLP


                                                    By:   _Kathy Burkett Dick_
                                                          KATHRYN BURKETT DICKSON
                                                          Attorneys for Plaintiff
                                                          CELESTE DAVIS

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff Celeste Davis demands a trial by jury.

DATED:  September 27, 2016                          DICKSON GEESMAN LLP

By: _____
                                                   KATHRYN BURKETT DICKSON
                                                   Attorneys for Plaintiff
                                                   CELESTE DAVIS

10

COMPLAINT FOR DAMAGES

# EXHIBIT B

1  ERIN M. CONNELL (State Bar No. 223355)
   econnell@orrick.com
2  KATHRYN MANTOAN (State Bar No. 239649)
   kmantoan@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
4  405 Howard Street
   San Francisco, CA  94105-2669
5  Telephone:   +1 415 773 5700
   Facsimile:   +1 415 773 5759
6
   Attorneys for Defendant
7  RBC CAPITAL MARKETS, LLC

8

9                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   CITY AND COUNTY OF SAN FRANCISCO

11

12  CELESTE DAVIS,                              Case No. CGC-16-554544

13                Plaintiff,                    **ANSWER OF DEFENDANT RBC
                                                CAPITAL MARKETS, LLC TO
14         v.                                   COMPLAINT FOR DAMAGES**

15  RBC CAPITAL MARKETS, and DOES 1-10,

16                Defendants.

17

18         Defendant RBC Capital Markets, LLC ("RBC" or "Defendant") hereby answers the

19  unverified Complaint for Damages ("Complaint") filed by Plaintiff Celeste Davis ("Plaintiff"), as

20  follows:

21                              **GENERAL DENIAL**

22         Defendant, for itself alone and no other, files this general denial pursuant to California

23  Code of Civil Procedure section 431.30(d) and generally denies each and every material

24  allegation of the unverified Complaint.  Defendant denies that it engaged in any of the unlawful

25  conduct alleged in the Complaint with respect to Plaintiff.  Defendant further denies that Plaintiff

26  has been damaged in the manner or amount alleged, or in any manner or amount.

27         Without conceding that Defendant bears the burden of proof or persuasion as to any of

28  them and reserving its right to assert additional defenses if appropriate as more information is

OHSUSA:765927983.4

ANSWER TO COMPLAINT - CASE NO. CGC-16-554544

discovered, Defendant asserts the following separate defenses to the allegations set forth in the Complaint:

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1.      As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that the Complaint, and each purported cause of action therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Standing)

2.      As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that the claims of Plaintiff are barred because Plaintiff lacks standing to assert them.

### THIRD AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

3.      As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation, including, but not limited to California Code of Civil Procedure section 335.1, California Government Code section 12965(b), and California Labor Code section 1197.5(h).

### FOURTH AFFIRMATIVE DEFENSE

#### (Causation)

4.      As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that no conduct by or attributable to Defendant was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

#### (Workers' Compensation as Exclusive Remedy)

5.      As a separate defense to the Complaint and to each cause of action therein, Defendant alleges that to the extent Plaintiff seeks damages under California law for emotional

1   and physical distress, Plaintiff's exclusive remedy is provided by the Workers' Compensation

2   Act, California Labor Code section 3600 *et seq.* Alternatively, Defendant alleges that it may be

3   entitled to a set-off for any amounts paid to Plaintiff pursuant to the California Workers'

4   Compensation Act.

5   **SIXTH AFFIRMATIVE DEFENSE**

6   **(Exhaustion of Administrative Remedies)**

7       6.      As a separate defense to the Complaint and to each cause of action therein,

8   Defendant alleges that Plaintiff's claims are barred to the extent Plaintiff failed to exhaust her

9   administrative remedies as required by applicable law, to the extent Plaintiff failed to bring a

10  timely claim, and to the extent Plaintiff failed to comply with prerequisites to suit.

11  **SEVENTH AFFIRMATIVE DEFENSE**

12  **(Exhaustion of Internal Remedies)**

13      7.      As a separate defense to the Complaint and to each cause of action therein,

14  Plaintiff's claims are barred to the extent Plaintiff failed to exhaust available internal remedies.

15  **EIGHTH AFFIRMATIVE DEFENSE**

16  **(Comparative Fault)**

17      8.      As a separate defense to the Complaint and to each cause of action therein,

18  Defendant alleges that any recovery by Plaintiff is barred or must be reduced as a result of

19  Plaintiff's comparative fault.

20  **NINTH AFFIRMATIVE DEFENSE**

21  **(Privileged Conduct)**

22      9.      As a separate defense to the Complaint and to each cause of action therein,

23  Defendant alleges that any alleged action which Defendant took with respect to Plaintiff's

24  employment was privileged and/or justified.

25  **TENTH AFFIRMATIVE DEFENSE**

26  **(Good Faith)**

27      10.     As a separate defense to the Complaint and to each cause of action therein,

28  Defendant alleges that Defendant acted in good faith and had reasonable grounds for believing its

1   actions were lawful.

2   **ELEVENTH AFFIRMATIVE DEFENSE**

3   **(Business Judgment)**

4   11.   As a separate defense to the Complaint and to each cause of action therein,

5   Defendant alleges that Defendant was fully justified, and exercised reasonable care, prudence,

6   skill and business judgment with respect to Plaintiff, and any decisions with respect to Plaintiff

7   were made without regard to Plaintiff's age, sex, race, or any other protected basis.

8   **TWELFTH AFFIRMATIVE DEFENSE**

9   **(Reasonable Care to Prevent)**

10   12.   As a separate defense to the Complaint and to each cause of action therein,

11   Defendant alleges that Defendant exercised reasonable care to prevent and correct promptly any

12   alleged unlawful behavior and Plaintiff failed to take advantage of preventive and corrective

13   opportunities offered by Defendant and/or otherwise take reasonable steps to avoid harm.

14   **THIRTEENTH AFFIRMATIVE DEFENSE**

15   **(Legitimate Business Purpose)**

16   13.   As a separate defense to the Complaint and to each cause of action therein,

17   Defendant alleges that Defendant's acts with respect to Plaintiff's employment were for a

18   legitimate business purpose necessary for the safe and efficient operation of Defendant's

19   business.

20   **FOURTEENTH AFFIRMATIVE DEFENSE**

21   **(Failure to Mitigate)**

22   14.   As a separate defense to the Complaint and to each cause of action therein,

23   Defendant alleges that Plaintiff failed and continues to fail to mitigate or avoid her damages, if

24   any, and, as a result, her recovery under the Complaint and each purported cause of action therein

25   should be barred or decreased.

26   **FIFTEENTH AFFIRMATIVE DEFENSE**

27   **(After Acquired Evidence)**

28   15.   As a separate defense to the Complaint and to each cause of action therein,

1  Defendant alleges that any relief Plaintiff may be entitled should be barred and/or limited by

2  subsequently discovered evidence of misconduct by Plaintiff which would have resulted in

3  Plaintiff's termination.

4  ### SIXTEENTH AFFIRMATIVE DEFENSE

5  **(Laches and Other Equitable Defenses)**

6  16.    As a separate defense to the Complaint and to each cause of action therein,

7  Defendant alleges that Plaintiff's claims are barred by the doctrines of unclean hands, laches,

8  estoppel, and/or waiver.

9  ### SEVENTEENTH AFFIRMATIVE DEFENSE

10  **(Failure to State Claim for Damages)**

11  17.    As a separate defense to the Complaint and to each cause of action therein,

12  Defendant alleges that Plaintiff has failed to state facts sufficient to support an award of damages

13  against Defendant, including punitive, injunctive, and/or emotional distress damages.

14  ### EIGHTEENTH AFFIRMATIVE DEFENSE

15  **(Alternate Bases for Actions)**

16  18.    As a separate defense to the Complaint and to each cause of action therein,

17  Defendant alleges that even if it is determined that a discriminatory reason motivated the adverse

18  employment actions alleged by Plaintiff, which Defendant has denied and continues to deny,

19  Defendant would have, in any event, taken the same actions based upon other legitimate, non-

20  discriminatory reasons standing alone and in the absence of the alleged discriminatory reasons.

21  ### NINETEENTH AFFIRMATIVE DEFENSE

22  **(Frivolous Claims)**

23  19.    As a separate defense to the Complaint and to each cause of action therein,

24  Defendant alleges that all of the causes of action alleged against Defendant are frivolous,

25  unreasonable, and groundless.  Accordingly, Defendant is entitled to all costs, expenses and

26  attorneys' fees incurred in defending these causes of action pursuant to California Code of Civil

27  Procedure section 128.7 and other applicable law.

28

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unknown Defenses)

20.     Defendant presently has insufficient knowledge or information on which to form a belief as to whether it has or may have additional, as yet unstated, defenses available and, therefore, reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1.     That the Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2.     That judgment be entered in favor of Defendant on all claims;

3.     For Defendant's cost of suit herein, including reasonable attorneys' fees; and

4.     For such other and further relief as the Court deems just.

Dated: October 28, 2016                    ORRICK, HERRINGTON & SUTCLIFFE LLP


By:     _/s/ Erin Connell_____
              ERIN M. CONNELL
              Attorneys for Defendant
              RBC CAPITAL MARKETS, LLC

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California.  I am over the age of eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, California 94105-2669.

On October 28, 2016, I served the following document(s) entitled:

**ANSWER OF DEFENDANT RBC CAPITAL MARKETS TO COMPLAINT FOR DAMAGES**

on all interested parties to this action in the manner described as follows:

> Kathryn Burkett Dickson
> Emily A. Nugent
> Dickson Geesman LLP
> 1999 Harrison Street, Suite 2000
> Oakland, CA  94612
> Telephone:  (510) 899-4670
> Facsimile:   (510) 899-4671
> Email:  kathy@dicksongeesman.com
> Email:  emily@dicksongeesman.com

☒ **(VIA EMAIL)** I caused to be transmitted via electronic mail from the address cflores@orrick.com in Adobe PDF format the document(s) listed above to the electronic address(es) set forth above.

☒ **(ELECTRONIC SERVICE)** I caused a true and correct copy of the document(s) listed above to be served electronically to each interested party appearing on the File & Serve Xpress service list by transmission to File & Serve Xpress at https://secure.fileandservexpress.com/.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 28, 2016 at San Francisco, California.

Christine J. Flores

**Flores, Christine J.**

| | |
|---|---|
| **From:** | FileAndServeXpress <TransactionReceipt@secure-mail.fileandservexpress.com> |
| **Sent:** | Friday, October 28, 2016 3:40 PM |
| **To:** | Flores, Christine J. |
| **Subject:** | Case: CGC-16-554544; Transaction: 59763054 Transaction Receipt |

To: Christine Flores
Subject: Transaction Receipt

This email is to confirm receipt of your documents. The transaction option you selected was "File And Serve". The details for this transaction are listed below.

Court:                         CA Superior Court County of San Francisco-Civil
Case Name:                        Davis, Celeste vs RBC Capital Markets et al
Case Number:               CGC-16-554544
Transaction ID:              59763054
Document Title(s):
            Answer of Defendant RBC Capital Markets, LLC to Complaint for Damages (7 pages)
Authorized Date/Time:       Oct 28 2016  3:39PM PDT
Authorizer:                        Erin Connell
Authorizer's Organization:  Orrick Herrington & Sutcliffe LLP-San Francisco
Sending Parties:
            Rbc Capital Markets Corp
Served Parties:
            Davis, Celeste

Thank you for using File & ServeXpress.

Questions? For prompt, courteous assistance please contact File & ServeXpress Client Support by phone at 1-888-529-7587 (24/7).

# EXHIBIT C



**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Oct-19-2016  8:46 am

Case Number: CGC-16-554544

Filing Date: Oct-19-2016 8:45

Filed by:  KAREN LIU

Image: 05597324

AMENDMENT TO COMPLAINT

CELESTE DAVIS VS. RBC CAPITAL MARKETS ET AL

001C05597324

**Instructions:**
Please place this sheet on top of the document to be scanned.

NAME, ADDRESS, TELEPHONE NUMBER OF ATTORNEY(S)

Kathryn Burkett Dickson (SBN 70636)
Dickson Geesman LLP
1999 Harrison Street, Suite 2000
Oakland, CA 94612
510-899-4670
kathy@dicksongeesman.com

ATTORNEY(S) FOR:   Plaintiff CELESTE DAVIS

**F I L E D**

Superior Court of California
County of San Francisco

OCT 1 9 2016

CLERK OF THE COURT
BY: _____
Deputy Clerk

SPACE BELOW FOR COURT USE ONLY

| AMENDMENT TO COMPLAINT | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO | CASE NUMBER CGC-16-554544 |
|---|---|---|

vs.

Celeste Davis

Plaintiff(s)

RBC Capital Markets

Defendant(s)

## INCORRECT NAME:  [Section 473 (a) (1) C.C.P.]

Plaintiff(s) having designated a defendant in the complaint by the incorrect name of

RBC Capital Markets

and having discovered the true name of the said defendant to be

RBC Capital Markets LLC

hereby amend(s) the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

October 4, 2016
_____
**DATE**

_Katty Burkett Dick_
**Attorney(s) for Plaintiff**

## ORDER

Good cause appearing, the above amendment to the complaint is allowed.

10/18/16
_____
**DATE**

_____
Judge    HAROLD KAHN

**F1011**
Rev 12/09

**AMENDMENT TO COMPLAINT**

# EXHIBIT D

| *Attorney or Party without Attorney:*<br>KATHRYN BURKETT DICKSON, SBN 70636<br>DICKSON GEESMAN LLP<br>1999 HARRISON STREET<br>SUITE 2000<br>OAKLAND, CA  94612<br>*Telephone No:* 510-899-4670<br><br>*Attorney for:* Plaintiff | | *For Court Use Only*<br><br>ELECTRONICALLY<br>**FILED**<br>Superior  Court of California,<br>County of San Francisco<br>**10/03/2016**<br>Clerk of the Court<br>BY:VANESSA WU<br>**Deputy Clerk** |
|---|---|---|
| | *Ref. No. or File No.:* | |

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO

*Plaintiff:* CELESTE DAVIS

*Defendant:* RBC CAPITAL MARKETS

| **PROOF OF SERVICE**<br>**SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-16-554544 |
|---|---|---|---|---|

*1.  At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS; COMPLAINT FOR DAMAGES; NOTICE TO PLAINTIFF; ADR PROGRAM INFORMATION
     PACKAGE; MEDIATION SERVICES BROCHURE; EARLY SETTLEMENT PROGRAM BROCHURE

*3.  a. Party served:*           RBC CAPITAL MARKETS
    *b. Person served:*     . BECKY DEGEORGE, CSC LAWYERS INCORPORATING SERVICE,
                         REGISTERED AGENT.

*4.  Address where the party was served:*    2710 GATEWAY OAKS DRIVE
                                           SUITE 150 N
                                           SACRAMENTO, CA  95833

*5.  I served the party:*
    a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive
    process for the party (1) on: Fri., Sep. 30, 2016 (2) at: 10:52AM

*6.  The "Notice to the Person Served" (on the Summons) was completed as follows:*
    *on behalf of:*  RBC CAPITAL MARKETS
    *Other:*  CORP SECTION 17061(b)
                  (limited liability company)

*7.  **Person Who Served Papers:***                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. CHARLES J. WINDHEIM II               d.   ***The Fee for Service was:***

                                            e.   I am: (3)  registered California process server

**First Legal**
1814 "I" Street
Sacramento, CA 95814
Telephone    (916) 444–5111
Fax           (916) 443–3111
www.firstlegalnetwork.com

                    *(i)*    Independent Contractor
                    *(ii)*   *Registration No.:*   16-001
                    *(iii)*  *County:*       Placer

*8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    *Date:  Fri, Sep. 30, 2016*

| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF SERVICE**<br>**SUMMONS** | (CHARLES J. WINDHEIM II)<br>7324350.cr.dicge.843644 |
|---|---|---|